IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Virginia Latrice Smith, ) | |
| ) | Civil Action No.: 6:20-cv-00221-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Kilolo Kijakazi[1], Commissioner of Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court for review of Magistrate Judge Kevin F. McDonald's ("Magistrate Judge") Report and Recommendation ("Report") filed on January 29, 2021. (ECF No. 18). The Report addresses Plaintiff Virginia Smith's ("Plaintiff") claim for disability insurance benefits ("DIB") and recommends that the court reverse the decision of the Commissioner of Social Security Administration ("the Commissioner") and remand the matter for further proceedings. (ECF No. 18 at 14.) The Commissioner filed an Objection to the Magistrate Judge's Report. (ECF No. 19.) For the reasons stated herein, the court **ACCEPTS** the Report and incorporates it herein, **REVERSES** the Commissioner's decision, and **REMANDS** the action under sentence four of 42 U.S.C. § 405(g) for further administrative review consistent with this order.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul as the defendant in this suit. No further action is required to continue this suit under the last sentence of 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

1

The Report sets forth the relevant facts and legal standards which this court incorporates herein without a full recitation. (ECF No. 18 at 1-4.) As brief background, Plaintiff filed an application for disability benefits on August 2, 2017, which was denied initially and on reconsideration. (*Id.* at 1.) After a hearing was held on August 28, 2019, an administrative law judge ("ALJ") determined, on October 1, 2019, that Plaintiff was not disabled as defined under the Social Security Act, as amended, and not entitled to benefits. (*Id.* at 1-2.)

More specifically, the ALJ determined that Plaintiff had the following severe impairments: lumbar degenerative disc disease, osteoarthritis, migraines, and obesity. (*Id*. at 2.; ECF No. 12-2 at 18.) The ALJ concluded that Plaintiff had the residual functional capacity ("RFC") to "perform less than a full range of sedentary work." (ECF No. 18 at 2; ECF No. 12-2 at 21.) Notably, the ALJ opined that Plaintiff can "never crawl, but can frequently balance, and occasionally stoop, crouch, and kneel as well as frequently perform handling/fingering and reaching." (*Id*.) In reaching this determination, the ALJ found the opinion of Dr. Stoddard, Plaintiff's treating physician, only "partially persuasive." (ECF No. 18 at 8; ECF No. 12-2 at 25.) The ALJ noted that while Dr. Stoddard's opinion is "essentially consistent with and supported by his treatment notes[,]" he "did not communicate any restrictions in his treatment notes and during physical therapy." (*Id*.) Moreover, Plaintiff could "perform essentially a full range of motion." (*Id*.) After considering Plaintiff's RFC, age, education, and work experience, the ALJ determined that there were "jobs that exist in significant numbers in the national economy that [she could] perform." (ECF No. 12-2 at 26.) On this basis, the ALJ denied disability benefits to Plaintiff because she was not disabled for purposes of the Social Security Act ("the Act"). (*Id.* at 27.)

Plaintiff's request for the Appeals Council ("the Council") to review the ALJ's decision was denied on November 22, 2019. (*Id.* at 2.) Thus, the ALJ's decision became the final decision

of the Commissioner. (*Id.*) *See also Meyer v. Astrue*, 662 F.3d 700, 704 (4th Cir. 2011) (stating that an ALJ's decision was the final decision of the Commissioner when the Council denied a request for review); *Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005) (holding that the Commissioner's "final decision" includes when the Council denies a request for review of an ALJ's decision). Plaintiff filed the instant action on January 23, 2020. (ECF No. 1.)

In the Report, the Magistrate Judge concluded that the ALJ erred when he failed to adequately examine "the supportability and consistency of Dr. Stoddard's opinion as required by the regulations." (ECF No. 18 at 8.) Concluding that this error required the matter to be remanded for further consideration, the Magistrate Judge did not address Plaintiff's remaining allegations of error. (*Id.* at 14.) The Report ultimately recommended that the court reverse the Commissioner's decision and remand the matter for additional administrative proceedings. (*Id.*)

The parties were apprised of their opportunity to file specific objections to the Report on January 29, 2021. (*Id.* at 15.) On February 11, 2021, the Commissioner filed an Objection to the Report (ECF No. 19), and argued the following: (1) the Commissioner did not offer an impermissible *post hoc* rationale for the ALJ's decision when he cited record evidence that was not explicitly referenced by the ALJ's decision analysis (*Id*. at 2-4); (2) the Magistrate Judge impermissibly imposed an articulation requirement for the ALJ's findings (*Id*. at 4-5); and (3) the ALJ's decision was supported by substantial evidence (*Id*. at 5-18). The Commissioner urges the court to affirm her decision. (*Id.* at 18.)

On February 25, 2021, Plaintiff replied to Commissioner's Objection. (ECF No. 21.) Plaintiff maintains the Magistrate Judge (1) correctly denied the Commissioner's *post hoc* rationalizations of the ALJ's (*Id.* at 3); and (2) correctly determined the ALJ's "narrative discussion was insufficient in this case" (*Id.* at 4-5). Plaintiff requests the court adopt the

3

Magistrate Judge's Report and to remand the action for further administrative proceedings. (*Id*. at 6-7.)

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). While the court is free to conduct a *de novo* review of the Report, the court's review of the Commissioner's final decision is "limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002) (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Preston v. Heckler*, 769 F.2d 988, 990 (4th Cir. 1985)). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). When assessing whether the ALJ possessed substantial evidence, the court may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the

4

[Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)). As such, the court is tasked with a "specific and narrow" review under the Act. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

### III. DISCUSSION

The Commissioner makes three objections to the Magistrate Judge's Report. (ECF No. 19 at 1-18.) First, the Commissioner argues that the Magistrate Judge improperly considered the Commissioner's arguments to be *post hoc* rationalizations of the ALJ's findings. (*Id.* at 2-4.) Second, the Commissioner alleges the ALJ is not required to articulate how he considered each medical opinion or findings from one source. (*Id.* at 3-5.) And lastly, the Commissioner maintains that the ALJ's decision is supported by substantial medical evidence. (*Id.* at 5-18.) The court will consider the second and third objections together.

**1. Explanation of Conclusions and the Articulation Standard**

An ALJ "must include 'a narrative discussion describing how the evidence supports' his 'explanation of the varying degrees of weight he gave to differing opinions concerning [the claimant's] conditions and limitations.'" *Woods v. Berryhill*, 888 F.3d 686, 695 (4th Cir. 2018) (quoting *Monroe v. Colvin*, 826 F.3d 176, 180 (4th Cir. 2016)). In *Thomas v. Berryhill*, the Fourth Circuit explained "that a proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion." *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019), *as amended* (Feb. 22, 2019). The logical explanation component, "is just as important as the other two." *Id.* Specifically, the United States Court of Appeals for the Fourth Circuit "makes clear that meaningful review is frustrated when an ALJ goes straight from listing evidence to stating a conclusion." *Id.* (citing *Woods*, 888 F.3d at 694). In essence, the ALJ must logically connect the medical evidence to his conclusions. *See Dowell v. Colvin*, C/A No. 1:12-cv-1006, 2015 WL

1524767, at *4 (M.D.N.C. Apr. 2, 2015). In doing so, the ALJ is not required to "specifically refer to every piece of evidence in her decision." *Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014). Nonetheless, the ALJ's RFC determination "warrants some explanation." *Thomas*, 916 F.3d at 312.

Upon review, the court holds that the Report correctly found that the ALJ did not adequately explain his conclusions based on the medical evidence. After a thorough analysis of the record, the Magistrate Judge concluded the ALJ's decision "did not adequately address the supportability and consistency of Dr. Stoddard's opinion as required by the regulations." (*Id*. at 8.) Specifically, the Magistrate Judge explained the ALJ's decision on this issue "comprises a single conclusory sentence" and cites only the absence of the opined limitations from Dr. Stoddard's records and therapy records, indicating Plaintiff had "'essentially' a full range of motion." (*Id*.) The Magistrate Judge noted that the ALJ adopted Dr. Stoddard's opinion with respect to "lifting/carrying, stooping, crouching, climbing stairs, and changing positions" while he rejected Dr. Stoddard's opinion with respect to "kneeling, crouching, reaching, handling, fingering and feeling limitations." (*Id*.)

The Commissioner objected on the ground that the ALJ discussed and considered the voluminous record of medical evidence in the case. (ECF No. 19 at 5, 18.) The Commissioner primarily referred to the ALJ's two-page recitation of Plaintiff's medical history, past treatments and diagnoses in connection with this RFC determination. (ECF No. 12-2 at 23-24.) However, a simple recitation of the available evidence does not constitute an adequate RFC analysis under the *Thomas* framework. *Thomas*, 916 F.3d at 311. The ALJ's two-page discussion of the medical facts appropriately summarized a timeline of Plaintiff's past diagnoses and treatment history. (ECF No. 12-2 at 23-24.) But the ALJ failed to explain how these facts drove his ultimate conclusions. For

6

example, the ALJ did not analyze contradictions between the medical evidence and Dr. Stoddard's opinion. Nor did he explain how this evidence lead him to conclude that Dr. Stoddard's opinion was unpersuasive. Whether or not the ALJ "already considered . . . these same records" (ECF No. 19 at 11), he must still explain how these medical facts lead to his RFC determination.

The Commissioner objects that the ALJ need not explain "how he considers every piece of evidence he receives." (ECF No. 19 at 17 (citing 82 Fed. Reg. 5844-01, at 5859).) But the issue with the ALJ's decision is not his failure to consider all relevant evidence. Instead, the issue is his failure to connect that evidence to his conclusions regarding Plaintiff's RFC. Indeed, the same regulations cited by the Commissioner require that unfavorable decisions include "a statement of the case, in understandable language, setting forth a discussion of the evidence, and stating the reason(s) upon which [the ALJ] based the determination or decision." 82 Fed. Reg. 5844-01, at 5859. This requirement was intended to prevent denials of claims "without any personalized articulation of the evidence." *Id.* Here, the ALJ's decision did just that.

To the extent the Magistrate Judge cited evidence from the record which might lead to a contrary conclusion and compel the ALJ to adopt Dr. Stoddard's opined limitations, the Commissioner objected the "standard of review is not whether the evidence 'appears to support' a contrary conclusion." (ECF No. 19 at 11.) The contradicting evidence cited in the Report merely confirms what the Magistrate Judge stated at the outset: the ALJ's decision was largely conclusory, did not lay forth concrete reasons for rejecting Dr. Stoddard's opined limitations, and therefore did not permit proper review because the extensive medical evidence in the case can lead to either conclusion. (See ECF No. 18 at 13 (stating "it is legally insufficient for the ALJ's decision to recite some facts, ignore others, and make conclusory statements in evaluating the persuasiveness of opinion evidence.").) Therefore, a coherent explanation of the ALJ's conclusions is critical here.

Despite the Commissioner's objections, the court does not impose an "articulation requirement" (ECF No. 18 at 5) by asking the ALJ to explain the basis for his conclusions. The "reasonable articulation standard" cited by the Commissioner (ECF No. 19 at 5 (citing 82 Fed. Reg. 5844-01, at 5858)) applies to "determinations and decisions that [do] not require written analysis about how [the ALJ] considered each piece of evidence." 82 Fed. Reg. 5844-01 at 5858. As discussed, the United States Court of Appeals for the Fourth Circuit requires a written explanation from the ALJ for RFC determinations. *See, e. g. Woods*, 888 F.3d at 694; *Thomas*, 916 F.3d at 311. The Social Security Administration itself indicates the purpose of the "reasonable articulation standard" under the regulations is to "allow a subsequent reviewer or a reviewing court to trace the path of an adjudicator's reasoning, and [] not impede a reviewer's ability to review a determination or decision, or a court's ability to review [the] final decision." 82 Fed. Reg. 5844-01 at 5858. That is precisely what the Report recommends. (ECF No. 18 at 13 (recommending "this case [] be remanded so that the ALJ may properly weigh Dr. Stoddard's medical opinion under the applicable standards and explain the persuasiveness of Dr. Stoddard's opinion.").) The court thus accepts the Report on this ground and remands the action for further administrative proceedings. On remand, the ALJ should consider Plaintiff's remaining allegations of error along with the Commissioner's remaining objections.

**2. <u>The Commissioner's Additional Objections</u>**

The Commissioner presented additional objections to the Report. (ECF No. 18 at 2-4.) The court need not consider these arguments because the ALJ will have an opportunity to reconsider the entire decision, including Plaintiff's allegations of error (ECF No. 15 at 22-30) and the Commissioner's remaining objections (ECF No. 19 at 2-4) and will reexamine the evidence in totality during a *de novo* review. *See Fleeger v. Berryhill*, No. 16-318, 2017 WL 1437193, at *4

n.3 (W.D. Pa. Apr. 24, 2017) (declining to consider an additional argument by a claimant because the claimant's RFC would be reconsidered *de novo* by an ALJ); *Astuto v. Colvin*, 16-CV-1870 (PKC), 2017 WL 4326508, at *8 n.7 (E.D.N.Y. Sept. 28, 2017) (declining to consider an additional argument by a claimant because the action would be considered *de novo* by an ALJ). Thus, the court need not issue findings about the Commissioner's additional objections because the ALJ will oversee new administrative proceedings. *See Toney v. Berryhill*, C/A No. 9:17-cv-00080, 2018 WL 4090630, at *5 n.5 (D.S.C. Aug. 28, 2018) ("Because the court has determined remand to be appropriate for these reasons, the court declines to address [claimant's] other objections to the Report.").

## IV. CONCLUSION

After a thorough review of the Commissioner's Objections (ECF No. 19) and the Magistrate Judge's Report (ECF No. 18), the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 18), **REVERSES** the Commissioner's decision and **REMANDS** the action under sentence four of 42 U.S.C. § 405(g) for further administrative review consistent with this order.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

August 25, 2021

Columbia, South Carolina